**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JULIAN A. BUTLER,

    Petitioner,

v.                                                    CASE NO. 8:07-cv-1159-T-30EAJ
                                                        CRIM. CASE NO. 8:04-cr-35-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

Before the Court is Respondent's consolidated motion for a stay of the Court's August 2, 2007, order to respond, reconsideration of Petitioner's equitable tolling petition, or, in the alternative motion for an extension of time to respond to Petitioner's amended section 2255 motion (CV Dkt. 8). Petitioner has filed a response to Respondent's motion (CV Dkt. 9).

## DISCUSSION

Respondent asks the Court to reconsider its May 29, 2007 order granting Petitioner's motion for leave to file a motion to vacate pursuant to 28 U.S.C. §2255 (CR Dkt. 56). Respondent asserts that Petitioner's motion to vacate is a second or successive motion, and, therefore, the Court lacks jurisdiction to consider it. Respondent also maintains that Petitioner's motion to vacate is untimely, and Petitioner is not entitled to equitable tolling of the limitations period governing §2255 actions.

**Petitioner's motion to vacate is not a second or successive motion**

Respondent asserts that the Court lacks jurisdiction to allow Petitioner to proceed on his §2255 motion because it is a second or successive motion. A petitioner may not file a second or successive §2255 motion unless he first receives leave to do so from the appropriate court of appeals. *United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir.1999). However, for a §2255 motion to be successive, the petitioner must have filed a previous §2255 motion. In *Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), the Supreme Court placed limits on when a *pro se* pleading, which a district court recharacterizes as a §2255 motion, will render subsequent §2255 motions successive.

> [W]hen a [district] court recharacterizes a *pro se* litigant's motion as a first §2255 motion . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent §2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the §2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a §2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro*, 124 S. Ct. at 792.

On October 24, 2006, Petitioner filed his "Petition Seeking Leave to Adopt and or Incorporate by Reference the Claims of Selective Enforcement and Prosecution Under the Capable of Repetition, Yet Evading Review Doctrine and to File in Support Thereof a Memorandum of Law and Appendices" (hereafter "petition") (CR Dkt. 48). The Court recharacterized Petitioner's petition as a §2255 motion; however, the Court did not warn

2

Petitioner that the "recharacterization means that any subsequent §2255 motion will be subject to the restrictions on 'second or successive' motions," nor did the Court provide Petitioner the opportunity to withdraw or amend the motion (CR Dkt. 49).  Therefore, Petitioner's petition "cannot be considered to have become a §2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions."  *Castro*, 124 S. Ct. at 792.  Accordingly, Petitioner's amended motion to vacate (CV Dkt. 4) is not a second or successive §2255 motion.

**Motion for Reconsideration**

Respondent asks the Court to reconsider its order granting Petitioner's motion to file an untimely §2255 motion (CR Dkt. 56).  In support of its request, Respondent asserts that Petitioner's §2255 motion is untimely and that he is not entitled to equitable tolling of the limitations period because he has failed to demonstrate that extraordinary circumstances prevented him from timely filing his motion, and that he failed to establish that he made reasonable efforts to timely file his motion.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA").  This law amended 28 U.S.C. §2255 by adding the following provisions:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Further, the Eleventh Circuit has held that an extension of time is warranted if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, stating that:

> Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See, e.g., Irwin,* 498 U.S. at 96, 111 S. Ct. at 458 ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Calderon,* 163 F.3d at 541 ("[T]he time bar ... can be tolled 'if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.'") (quoting *Calderon,* 128 F.3d at 1288-89); *Miller,* 145 F.3d at 619 ("Mere excusable neglect is not sufficient [to toll the bar]."); *Marr,* 141 F.3d at 978 (not knowing about the period of limitation until too late is not a ground for equitable tolling).

*Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999).

Petitioner's appeal was dismissed on February 17, 2005, and he had until May 18, 2005, to seek further relief from the U.S. Supreme Court. Since he did not seek such relief, his one year time period for seeking relief under 28 U.S.C. §2255 began to run on May 18, 2005, and expired May 18, 2006. His §2255 motion presently before the Court was not filed until June 28,

4

2007,[1] and is therefore clearly time barred unless Petitioner is entitled to equitable tolling.

Petitioner claims that he is entitled to equitable tolling because his appellate counsel failed to notify him that his direct appeal had been dismissed in February 2005, and he was not aware of the dismissal of his appeal until he received this Court's December 13, 2006 Amended Order (CR Dkt. 53). Generally, attorney negligence is not a basis for the extraordinary remedy of equitable tolling. *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005). However, a lack of knowledge of a court decision may provide the basis for equitable tolling when the prisoner acts diligently. *See Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)(when prisoner diligently seeks information about the status of his case, the limitations period may be equitably tolled until he receives notice of its denial). Petitioner attests that "[b]etween January 2005 and December 2006, [he] contacted his lawyer by letter, inquiring as to the status of his direct appeal, and she replied that she would advise him when the direct appeal was decided." (CV Dkt. 9 at 2). Petitioner's lawyer sent Petitioner a letter on January 6, 2005, stating, in pertinent part, that she "will continue to keep [Petitioner] posted on the progress of [his] appeal and the status of [his] case." (CR Dkt. 55-2 at 2). On February 16, 2007, Petitioner's attorney sent Petitioner a letter stating that on March 3, 2005, she sent a letter to Petitioner at the Pinellas County Jail informing him of the Eleventh

---

[1] Although the motion was not received by the Clerk's office for filing until July 3, 2007 (CV Dkt. 1), this circuit considers notices of appeal, § 1983 complaints, Federal Tort Claims Act complaints, § 2254 petitions for habeas relief, § 2255 motions to vacate, and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Circuit's dismissal of his appeal, but he apparently never received it because he had already been moved to state prison (Id. at 10).

Petitioner states he first learned that his appeal had been dismissed when he received this Court's December 13, 2006 Amended Order. On December 28, 2006, Petitioner then filed a motion in the Eleventh Circuit Court of Appeals asking the Circuit Court to vacate its dismissal of his appeal, or allow him to file a motion for rehearing, petition for writ of certiorari, or §2255 motion (CR Dkt. 55-2 at 20-23). On January 5, 2007, the Circuit Court returned Petitioner's motion because it was untimely (Id. at 8). Thereafter, on March 26, 2007, Petitioner filed his motion in this Court seeking leave to file a belated §2255 motion (CR Dkt. 54).[2]

Under these facts, as alleged by Petitioner, the Court can not find that Petitioner failed to exercise due diligence, and finds that Petitioner may be entitled to equitable tolling until December 13, 2006, the date of this Court's Amended Order which specifically noted that Petitioner's appeal was dismissed in February 2005 (CR Dkt. 53). Petitioner alleges that he wrote to his counsel regarding the status of his appeal, and in reply she informed him that she would contact him when a decision was reached on his appeal. Petitioner's counsel did send a letter to Petitioner stating his appeal was dismissed, but the letter was sent to the county jail after Petitioner was moved to state prison, and he allegedly never received the letter. Once Petitioner was aware that his appeal was dismissed, he diligently sought relief in the Eleventh Circuit Court. When the Eleventh Circuit rejected his request for relief in January 2007, Petitioner filed

---

[2]Petitioner did not sign his motion; therefore, the Court struck the motion, and Petitioner signed and re-filed the motion on April 12, 2007 (CR Dkts. 54-55).

6

in this Court, in March 2007, his motion for leave to file a §2255 motion, and he filed his §2255 motion in June 2007. Therefore, Petitioner filed his §2255 motion within a reasonable time after learning his appeal was dismissed. *See Knight*, 292 F.3d at 711; *see also Wilcox v. Fla. Dept. of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998).

ACCORDINGLY, the Court **ORDERS** that:

1. Respondent's motion for a stay of the Court's August 2, 2007 order to respond, and motion for reconsideration of the Court's order granting Petitioner's motion to file a motion to vacate pursuant to 28 U.S.C. §2255 is **DENIED without prejudice** to Respondent to raise the issue of timeliness in its response to Petitioner's amended §2255 motion (Dkt. 8).

2. Respondent's motion for an extension of time until November 15, 2007, to respond to Petitioner's amended §2255 motion is **GRANTED** (Dkt. 8). Respondent shall file its response on or before that date.

**DONE** and **ORDERED** in Tampa, Florida on October 19, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

<u>Copies to:</u>
Petitioner *pro se*
Counsel of Record

7